**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

|  |  |
|---|---|
| CAROLENG INVESTMENTS LIMITED, | |
| Petitioner, | Case No.  7:23-cv-10010-RSB |
| v. | |
| BLUESTONE RESOURCES, INC., | **JOINT PROPOSAL OF CAROLENG AND 1ST SOURCE BANK FOR SALE OF HELICOPTER** |
| Respondent. | |

Petitioner and judgment creditor Caroleng Investments Limited ("Caroleng"), along with nonparty 1st Source Bank ("1st Source"), a lienholder, each by and through counsel, hereby submit this Joint Proposal for Sale of Helicopter as ordered by the Court.  Despite repeated requests and invitations, Respondent and judgment debtor Bluestone Resources, Inc. ("Bluestone") declined to participate in this Joint Proposal.  A proposed Initial Sale Order shall be supplied to the Court by Caroleng and 1st Source on or before February 12, 2024.

WHEREAS this Court has issued a *Writ of Execution* (Dkt. 6) and *Supplemental Writ of Execution* (Dkt. 11), permitting Caroleng to levy on Bluestone's property, specifically the:

> 2009 Bell Helicopter Textron Canada Model 427, Serial No. 56079
> FAA registration number N375JC, including all logs and records,
> all accessories, attachments, parts, repairs, additions, accessions,
> substitutions, exchanges relating to the helicopter.

(the "Helicopter").

WHEREAS the Court denied Bluestone's Motion for Stay of Supplemental Writ of Execution, permitting Caroleng and 1st Source to proceed with a sale of the Helicopter, and

ordering Caroleng, Bluestone, and 1st Source to submit a joint proposal for the marketing and sale of the Helicopter (Dkt. 30).

WHEREAS Bluestone has not been responsive to Caroleng or 1st Source in the elaboration of this proposal, nor has Bluestone suggested an alternative plan for the sale of the Helicopter.

IT IS THEREFORE HEREBY STIPULATED AND AGREED by Caroleng and by 1st Source, by and through their respective undersigned counsel, who have full authority to bind them, to make the following Proposal for the Court's issuance of an Initial Sale Order:

1. The Court's issuance of the Supplemental Writ (Dkt. 11) shall be deemed a valid and perfected levy on the Helicopter by Caroleng, as of the date of the *Supplemental Writ*.

2. Upon entry of the Initial Sale Order, Caroleng shall be deemed in constructive possession of the Helicopter.

3. The Initial Sale Order shall provide that the sale of the Helicopter shall be conducted pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedureby Helicopter Exchange, Ltd. d/b/a Heli-X ("Heli-X"), an established broker located at 6504 Horseshoe Bend, Colleyville, Texas 76034 in accordance with the sale procedures outlined in its Exclusive Sale and Marketing Agreement (the "Heli-X Agreement"), which will comprise **Exhibit 1** to the proposed order.

4. Bluestone shall surrender the Helicopter to Heli-X or its named agent in an orderly manner, together with all logs and records, all accessories, attachments, parts, repairs, additions, accessions, substitutions, and exchanges relating to the helicopter, within 72 hours of this Court's issuance of the Initial Sale Order.

        a. Should Bluestone fail to surrender the Helicopter in the manner described, Caroleng shall be authorized to proceed with enforcement of the *Supplemental Writ* (Dkt. 11), seizing the Helicopter, and delivering it to the custody of Heli-X.

b.  In execution of the *Supplemental Writ*, the role of the U.S. Marshals Service shall be limited to ensuring access and delivery of custody of the Helicopter to Heli-X, who will conduct the sale.

5.  The sale of the Helicopter to a third party shall be free and clear of all liens and encumbrances, unless the buyer is an insider of or related party to Bluestone.

6.  The costs of the sale, including the cost to move the Helicopter, storage, inspection, repairs, and any broker commissions, shall be advanced by Heli-X and, following approval by 1st Source, reimbursed out of the first proceeds of the eventual sale.

7.  1st Source shall obtain insurance coverage for the Helicopter and shall be reimbursed for the cost of maintaining the insurance as a cost of sale.   Additional required costs that are not advanced by Heli-X shall be advanced by 1st Source and reimbursed out of the first proceeds of the eventual sale.

8.  Pending the sale, the Helicopter shall be in the custody of and stored by Rotorcraft Services Group at Meachum International Airport in Fort Worth, Texas.

9.  Upon identification of a prospective buyer, the details of the sale shall be communicated to the Court, and the sale terms shall be ratified, on notice to Bluestone, through entry of a Final Sale Order, substantially in the form included as **Exhibit 2** to the Initial Sale Order.   The Final Sale Order shall serve to transfer title to the buyer.

10. The sale proceeds, or proceeds of any insurance claims, shall be maintained in escrow with McAfee & Taft of Oklahoma City, Oklahoma pending resolution of the effective transfer of title and lien priorities.  An alternative escrow service may be used by mutual agreement of Caroleng and 1st Source.

Dated: February 2, 2024
Roanoke, Virginia

SARACHEK LAW FIRM

*/s/ Zachary E. Mazur*
Zachary E. Mazur, Esq, *pro hac vice*
Email: zachary@sarackeklawfirm.com
Telephone: (646) 519-4396
670 White Plains Road – Penthouse Suite
Scarsdale, New York 10583

*-and -*

*/s/ Steven L. Higgs*
Steven L. Higgs, Esq. (VSB # 22720)
Steven L. Higgs, P.C. (VSB # 90566)
9 Franklin Road, Southwest
Roanoke, Virginia 24011-2403
*Attorneys for Caroleng Investments Ltd.*

WOODS ROGERS VANDEVENTER
BLACK PLC

*/s/ Michael E. Hastings*
Michael E. Hastings (Virginia Bar No. 36090)
J. Benjamin Rottenborn (Virginia Bar No. 84796)
Jamie H. Wood (Virginia Bar No. 97297)
10 S. Jefferson Street, Suite 1800
Roanoke, VA 24011
Phone: (540) 983-7600
Fax: (540) 983-7711
michael.hastings@wrvblaw.com
ben.rottenborn@wrvblaw.com
jamie.wood@wrvblaw.com
*Counsel for 1st Source Bank*

## CERTIFICATION OF SERVICE

I certify that, on the 2nd of February 2024, I electronically filed the foregoing with the Court's ECF system, providing electronic service via counsel of record to all parties in this case.

*/s/ Zachary E. Mazur*

4