CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>    Petitioner,<br><br>  v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>    Respondent. | Index No. 7:23-cv-10010-RSB<br><br>**FINAL SALE ORDER** |

  Judgment Creditor Caroleng Investments Limited ("Caroleng") seeks execution on a judgment entered by the United States District Court for the District of Delaware, Case No. 1:20-cv-01793 on June 7, 2021 (the "Judgment"), and subsequently registered in the United States District Court for the Western District of Virginia, the instant Case no. 7:23-cv-10010-RSB, on July 24, 2023.  The Judgment was issued in favor of Caroleng and against the Judgment Debtor Bluestone Resources Inc. ("Bluestone") in the amount of the final award of $8,408,723.56, plus pre-award interest of $1,723,796.64, for a total amount of $10,132,520.20[1], plus interest at the simple rate of 9% per annum from May 13, 2020, until payment.

  This Court has issued a *Writ of Execution* (Dkt. 6) and *Supplemental Writ of Execution* (Dkt. 11), permitting Caroleng to levy on Bluestone's property, specifically the:

> 2009 Bell Helicopter Textron Canada Model 427, Serial No. 56079 FAA registration number N375JC, including all logs and records, all accessories, attachments, parts, repairs, additions, accessions, substitutions, exchanges relating to the helicopter.

(the "Helicopter").

---

[1] The Judgment also awards the Judgment Creditor additional, unliquidated amounts that are not being presently enforced.

On March 1, 2024, the Court entered the *Initial Sale Order* (Dkt. 34), providing a process for the orderly sale and marketing of the Helicopter, with the consent of non-party 1st Source Bank ("1st Source"), which holds a recorded lien on the aircraft. The *Initial Sale Order* provides for the entry of this Final Sale Order, which ratifies the sale of the Helicopter to a good faith third-party purchaser free and clear of any liens and encumbrances.

Subsequent to the entry of the *Initial Sale Order*, the Helicopter was duly marketed and promised for sale to prospective buyer B G Shirke Construction Technology Pvt. ("Shirke"), a corporation formed under the laws of India, which has agreed to acquire the Helicopter, paying a deposit into escrow, pending proper ratification of the sale by this Court. There being no objection, and pending Shirke's payment of the full purchase price, the Court finds, concludes and provides this Order (the "Final Sale Order") to evidence Shirke's title in and to the Helicopter and termination of any and all previously held rights and/or interests of Bluestone, Caroleng, or 1st Source against the Helicopter, including but not limited to those of record with the Federal Aviation Administration ("FAA") and/or International Registry created pursuant to the Cape Town Convention signed November 16, 2001.

IT IS THEREFORE ORDERED as follows:

1. This Court has jurisdiction over the enforcement of the Judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure.

2. The Court hereby approves and confirms the sale of the Helicopter to Shirke, conditioned upon certification by the Escrow Agent that it has received the full purchase price and that all conditions precedent to closing have been satisfied or performed, all right, title and interest in and to the Helicopter is hereby transferred to Shirke.

3. The Court confirms the Helicopter is released from and shall be free and clear of any and all liens, claims, encumbrances, rights, title and/or interests, including those of Bluestone, Caroleng, 1st Source, or any other party making such claim, and all of such liens, claims, encumbrances, and rights are hereby transferred to the proceeds of the Helicopter in the same priority as they existed in and to the Helicopter.

4. Bluestone has no right, title, interest in, or lien upon the Aircraft, and anyone claiming by or through Bluestone is hereby forever barred from claiming any right, title, or interest in or lien upon the Helicopter. This Final Sale Order is hereby deemed a conveyance, release, and disclaimer of interest on behalf of Bluestone in favor of Shirke as it relates in and to the Helicopter.

5. McAfee & Taft, the Escrow Agent appointed in the Initial Sale Order (the "Escrow Agent") is hereby authorized and empowered to file this Final Sale Order with the FAA. Any and all filing and/or recording officers, including the filing or recording officer(s) of the FAA, are hereby directed to accept, file, and record this Order, and all other instruments related hereto, against the Helicopter as release and disclaimer of Bluestone's interests, as well as a conveyance of all interests in the Helicopter held by Bluestone in favor of Shirke.

6. Caroleng, through its counsel of record, is hereby authorized and empowered to execute any agreements or documents or take such other action, on behalf of Bluestone as may be reasonably necessary to carry out the terms and conditions of this Order. This includes, but is not limited to, executing any instructions, bills of sale, releases, lease terminations, set-aside statements and disclaimers, as an

       authorized signatory or attorney in fact. For the avoidance of doubt, Caroleng, through its counsel of record, may execute instruments, documents, instructions, or notices necessary, including but not limited to executing documents as attorney in fact or authorized signatory for and in the name of Bluestone to modify or amend any agreements with third parties and to make or cause to be made any and all registrations necessary to carry out this Final Sale Order. The FAA and International Registry are hereby directed to accept this Order as signature authority in favor of Caroleng for Bluestone, with respect to the Helicopter, in compliance with the Federal Aviation Regulations and International Registry Procedures, and the FAA and International Registry shall place a copy of this Final Sale Order in the applicable ancillary files for signature authority. The signature authority and power of attorney granted herein is irrevocable and shall terminate in ten (10) years.

7. No other party (aside from Caroleng and 1st Source) having appeared in Court to claim a lien, interest or other encumbrance in the Helicopter, or such claims having been asserted and denied, the Court hereby ORDERS the Escrow Agent to release the proceeds of the Helicopter pursuant to the terms of the escrow agreement.

8. The Court retains jurisdiction to interpret and enforce this Final Sale Order.

It is so **ORDERED**.

                              Enter:  May 30, 2024
                              */s/ Robert S. Ballou*
                              Robert S. Ballou
                              United States District Judge